```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SB PHARMCO PUERTO RICO, INC.    :       CIVIL ACTION
d/b/a GLAXOSMITHKLINE, et al.   :
                                :
          v.                    :
                                :
MUTUAL PHARMACEUTICAL COMPANY,  :
INC., et al.                    :       NO. 08-2035
```

MEMORANDUM

Fullam, Sr. J.                                        April 28, 2009

      The plaintiffs filed a patent-infringement action. The defendants responded with a counterclaim alleging that the filing of the suit constituted an antitrust violation. Shortly after the litigation commenced, the plaintiffs decided to withdraw from the field of battle, offering to pay the reasonable counsel fees incurred by the defendants. The defendants rejected this offer, because they believe that under the antitrust laws they are entitled to treble damages (in this instance, treble counsel fees). They also seek discovery to establish this claim.

      After considering the briefs filed by the parties and the arguments of counsel, I believe that no purpose would be served by continuing the litigation. The plaintiffs want to withdraw their claims. The defendants claim that the plaintiffs, by filing the lawsuit, committed antitrust violations, because if continued, the lawsuit would have extended the exclusivity period of the patented drugs in question an additional six months. However, the drugs are, by federal law, exclusive until April of

2010; so the defendants have suffered no possible harm.  As noted, the only monies the defendants could recover would be counsel fees, which they believe would be entitled to trebling as antitrust damages.  The alleged antitrust violation must cause some harm; if this litigation continues, the only harm (counsel fees) will be caused by the litigation itself.  By the plaintiffs' payment of the defendants' counsel fees to date, the defendants will be made whole; at this stage, any alleged antitrust violation is nothing more than speculative: the defendants have not been in any way prevented from entering the market as a result of the filing of the complaint than they would have been had the lawsuit never been brought.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.